Gregory TURNER, Plaintiff–Appellant,

v.

Franklin D. CERUTI; et al., Defendants–Appellees.

No. 03–55653.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Gregory Turner, Apple Valley, CA, pro se.

Laurence S. Zakson, Attorney, Reich, Adell, Crost & Cvitan, A Professional Law Corporation, Los Angeles, CA, William W. Osborne, Jr., Esq., Washington, DC, for Defendant–Appellee.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Gregory Turner, a federal government employee, appeals pro se the district court's judgment dismissing his action against his local federal union and several of its officers alleging violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401, and California tort law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir.2002), and we affirm.

■ The district court properly dismissed Turner's action for lack of subject matter jurisdiction because a labor union representing federal government employees exclusively is not a statutory labor organization under the LMRDA, and is therefore not subject to that statute. *See* 29 U.S.C. §§ 402(e), (j); *Chao v. Bremerton Metal Trades Council,* 294 F.3d 1114, 1117 (9th Cir.2002).

■ The district court also properly determined that Turner's state law claims against his union and its officers are preempted by the Civil Service Reform Act, which grants exclusive jurisdiction to the Federal Labor Relations Authority. *See Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263,* 489 U.S. 527, 529, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989); *Chao,* 294 F.3d at 1118.

The district court did not abuse its discretion by dismissing Turner's action without leave to amend because amendment would have been futile. *See Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991).

Turner's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.